[No. 7,136.—Department One.]

## HARRY PATEMAN v. JEREMIAH TYRREL.

DISMISSAL OF APPEAL.

APPEAL from a judgment for the defendant, in the Superior Court of the County of Alameda. CRANE, J.

No evidence of any service of the notice of appeal upon the opposite attorneys appears in the transcript.

*John H. B. Wilkins*, for Appellant.

*J. G. McCallum*, for Respondent.

The COURT:

Appeal dismissed.

---

[No. 7,278.—Department One.]

## G. W. TRAHERN v. THE BOARD OF SUPERVISORS OF SAN JOAQUIN COUNTY.

EMINENT DOMAIN — CONDEMNATION OF LAND FOR ROAD — CONSTITUTIONAL LAW—JURY TRIAL.

APPEAL from a judgment for the plaintiff, in the Superior Court of San Joaquin County. PATTERSON, J.

*J. C. Campbell* and *W. L. Dudley*, for Appellants.

The Constitution took effect January 1, 1880. The statute under which the Supervisors laid out this road was in force January 1, 1880, and the case made by the record presents two questions: 1. Is said statute inconsistent with Section 14 of Article i of the Constitution ? 2. If it is, then is Section 14 of Article i self-executing, or does it require legislative action ? We concede the first point must be held against the appellant. But we claim that the fourteenth Section of Article 1 is not self-executing. The language—" as shall be prescribed by law"—in said section evidently contemplates some act of legislation on the subject, and until that has taken place no

damages can be assessed in pursuance of the constitutional provision. (*The People etc.* v. *The Board of Supervisors of Ulster County*, 3 Barb. 332; *Groves* v. *Slaughter*, 15 Pet. 449.)

*Terry, McKinne,* and *Terry,* for Respondent.

The "act concerning roads and highways in the County of San Joaquin," approved March 18, 1876, ceased to have any validity on the first of January, 1880, when the Constitution took effect. (Constitution, §§ 1 and 12, art. xxii.) It is in conflict with Section 14 of Article i of the Constitution, which is strictly prohibitory, and requires no legislation to enforce it. (*McDonald* v. *Patterson*, 54 Cal. 245; *Watson* v. *Trustees of Pleasant Township*, 21 Ohio St. 667; *Lamb* v. *Lane*, 4 Id. 167; *Shaver* v. *Starrett*, Id. 495.)

The Court:

On the authority of *Weber* v. *The Supervisors of the County of Santa Clara, supra,* 266, judgment affirmed.

———————

[No. 7,926.—In Bank.]

PEOPLE v. SUPERVISORS OF SACRAMENTO COUNTY.

Assessment of Railroad Property — Equalization — Jurisdiction of County Boards.—Boards of Supervisors of the several counties through which run railroads operated in more than one county have no jurisdiction to raise or lower the assessments placed upon the property of such roads by the State Board of Equalization.

Application for a writ of *certiorari*.

*A. L. Hart,* Attorney General, for the Plaintiffs.

Have County Boards of Equalization power to equalize the assessments of railroads made by the State Board of Equalization, under authority conferred by Section 9 of Article xiii of the State Constitution ? Are such assessments "county assessments" ? Railroads operated in more than one county are required to be assessed as a whole by the State Board of Equalization, and the valuation apportioned to the counties, towns, etc., in which such railroads are located, in